IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Vincent S. McCaleb, | : | Case No. 1:05 CV 2587 |
| Petitioner, | : | |
| vs. | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| | : | |
| Rich Gansheimer, Warden, | | |
| | : | |
| Defendant. | | |

This Petition for Habeas Corpus, filed pursuant to 28 U. S. C. § 2254[1], was referred to the undersigned Magistrate pursuant to Local Rule 72.2(b)(2)[2] for disposition (Docket No. 1). Respondent filed a Return of Writ (Docket No. 10) and Petitioner filed a Motion for Appointment of Counsel (Docket No. 11) and a Traverse to Return of Writ (Docket No. 12). For the reasons that follow, the Magistrate recommends that Petitioner's Request for a Writ of Habeas Corpus be denied.

---

[1] The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the constitution or laws or treaties of the United States. 28 U. S. C. § 2254(a) (Thomson/West 2005).

[2] The Clerk shall refer all pro se petitions for habeas corpus filed under 28 U.S.C. § 2254, provided such petition has first been reviewed by the Court pursuant to 28 U.S.C. § 1915(d) and Rule 4 of the Rules Governing § 2254 Cases and a decision has been made to require a response to the petition, to a Magistrate Judge for a Report and Recommendation as provided in Local Rule 72.1, *Duties of United States Magistrate Judges*.

## FACTUAL BACKGROUND

In the Sixth Circuit, there is a presumption that the state court factual findings are correct, and petitioner may rebut the presumption only by clear and convincing evidence. *Warren v. Smith*, 161 F. 3d 358, 360-361 (6th Cir. 1998) *cert. denied*, 119 S. Ct. 2403 (1998). In this case, the state court made, in part, the following findings of fact.

On the evening of January 25, 2002, Petitioner visited Maureen Hickey, his girlfriend and mother of his daughter, a t her residence in Painsville, Ohio. At about 11:00 p.m., Ms. Hickey went to Slam Jam's, a local bar, and Petitioner departed for his residence. Ms. Hickey left Slam Jams at approximately 2:00 A.M. to return home (Docket No.10, Exhibit 9, ¶3). When leaving Slam Jams, Petitioner confronted Ms. Hickey about her associations in the bar and followed her home. Once home, Petitioner followed her inside and proceeded to kick and punch her until 7:45 A.M. (Docket No. 10, Exhibit 9, ¶7).

Later that morning at work, Eve Kellerman, a co-worker, found Ms. Hickey crying and noticed bruises on her face and neck (Docket No. 10, Exhibit 9, ¶4). While transporting her to the hospital, Ms. Hickey confessed to Eve Kellerman that Petitioner had beaten her over several hours that morning (Docket No. 10, Exhibit 9, ¶5). Ms. Hickey told the hospital staff that Petitioner had abused her. She was diagnosed with a fractured left forearm and extensive injuries to her head, back, neck and chest (Docket No. 10, Exhibit 9, ¶6). On February 14, 2002, Ms. Hickey reported that Petitioner forcibly broke through her front door. Once inside, Petitioner warned her about implicating him in the events of January 25, 2002 (Docket No. 10, Exhibit 9, ¶8). Petitioner was arrested on or about February 20, 2002 (Docket No. 10, Exhibit 9, ¶9).

## PROCEDURAL BACKGROUND

Petitioner was indicted on April 26, 2002 by the Lake County Grand Jury on charges of felonious assault, aggravated burglary and intimidation of a victim in a criminal case (Docket No. 10, Exhibit 1). A jury unanimously found Petitioner guilty of all three counts on September 4, 2002 (Docket No. 10, Exhibit 3). Petitioner was ordered to serve seven years on the first and second counts and three years on the third count (Docket No. 10, Exhibit 4). Said sentences were to run concurrently with each other but consecutive to the sentence and commitment imposed in a federal case by United States District Court Judge James S. Gwin[3].

Petitioner filed a notice of appeal on October 18, 2002 in the Court of Appeals for the Eleventh Appellate District, Lake County, Ohio[4] (Docket No. 10, Exhibit 5). The Court of Appeals affirmed the conviction and sentence (Docket No. 10, Exhibit 9). Petitioner filed an appeal in the Ohio Supreme Court[5] (Docket No. 10, Exhibit 10). Ohio Supreme Court Chief Justice Thomas J. Moyer denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question (Docket No. 10, 13). In the meantime Petitioner filed a Petition for Post-Conviction Relief on

---

[3] Petitioner was indicted on one count each of mail fraud, unauthorized use of access device, and producing/trafficking in counterfeit devices. At sentencing on July 12, 2002, Petitioner was committed to the custody of the Bureau of Prisons for fourteen months, given three years supervised release subject to conditions and ordered to make restitution of $142,636.34, jointly and severally, with his co-defendant. (Case No. 1:02 CR 0075, Docket No. 17).

[4] On appeal, Petitioner alleged that he was denied a fair trial as guaranteed by the Fifth, Sixth and Fourteenth Amendments in the followings manners: (1) the venire did not represent a cross-section of his peers, (2) counsel was ineffective; (3) exculpatory evidence was not admitted into evidence; (4) the prosecutor's misconduct was prejudicial to the trial; (5) the jury was permitted to see him transported to and from the courthouse in a police vehicle; (6) the court impermissibly considered his lack of remorse in sentencing; and (7) the verdict was against the manifest weight of the evidence (Docket No. 10, Exhibit 6).

[5] In seeking Supreme Court review, Petitioner's sole assignment of error was that the jury was not representative of a cross-section of the community (Docket No. 10, Exhibits 10, 11)

June 24, 2003[6] (Docket No. 10, Exhibit 14).  Petitioner amended and/or supplemented his motion for post conviction relief on August 5, 2003[7] (Docket No. 10, Exhibit 15).  On December 12, 2003, the trial court denied Petitioner's petition for post conviction relief (Docket No. 10, Exhibit 18).  Petitioner appealed the denial and the Court of Appeals for the Eleventh Appellate District affirmed the judgment of the trial court (Docket No. 10, Exhibits 20, 23).  There is no evidence that Petitioner filed an appeal in the Supreme Court of Ohio.

## JURISDICTION

A petitioner's right to bring an application for a writ of habeas corpus in the federal courts is limited to claims that he or she is "in custody in violation of the constitution or laws or treaties of the United States."  *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (*citing* 28 U.S.C. § 2254 (Thomson/West 2002)).  It is a statutory requirement that a habeas corpus petitioner be "in custody" at the time the petition is filed.  28 U. S. C. § 2254(a) (Thomson/West 2005).  Claims based on errors of state law are not cognizable on federal habeas review.  *Pully v. Harris*, 104 S. Ct. 871, 874 (1984).

Petitioner was convicted in the Lake County Court of Common Pleas.  He contends that he has been confined to Lake Erie Correctional Institution since September 27, 2002.  Petitioner alleges that his conviction is based upon violations of the rights guaranteed him under the Sixth and Fourteenth Amendments of the United States Constitution.  Under these circumstances, this Court has jurisdiction over Petitioner's claims.

---

[6] Petitioner argued that (1) insufficient evidence was presented that he committed the crimes for which he was charged; (2) that the trial court erred by excluding from admission exculpatory medical evidence; (3) defense counsel was ineffective; (4) the jury selection process was unconstitutional (Docket No. 10, Exhibit 14).

[7] Petitioner supplemented the record with medical records from his treatment for chest pain on February 16, 2002 at Lake Hospital (Docket No. 10, Exhibit 15).

## **EXHAUSTION**

This Court can only grant a petition for a writ of habeas corpus if the petitioner exhausted the remedies available in state court. *Clinkscale v. Carter*, 375 F.3d 430, 436 (6th Cir. 2004) *cert. denied,* 125 S. Ct. 1316 (2004); 28 U.S.C. § 2254(b) (Thomson/West 2004). An applicant will not be deemed to have exhausted the remedies available in the state's highest court, within the meaning of this section, if he or she has the right under the law of the state to raise, by any available procedure, the question presented. *Id.* at 437 (*citing* 28 U.S.C. § 2254(c)). The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on all of the petitioner's claims. *Id*. A state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his or her federal claims. *Coleman v. Thompson*, 111 S. Ct. 2546, 2555 (1991) *reh'g denied*, 112 S. Ct. 27 (1991) (citations omitted). In Ohio, the exhaustion requirement is satisfied when the petitioner has exhausted direct and delayed appeals to the Ohio Court of Appeals and the Supreme Court. *Id.*

A federal court is barred from hearing issues that could have been raised in the state courts, but were not, and now may not be presented to the state courts due to a waiver or procedural default. *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) (*citing Wainwright v. Sykes*, 97 S. Ct. 2497, 2506 (1977)). The Sixth Circuit has articulated a four-part test to determine whether a habeas claim has been procedurally defaulted: (1) whether there is a state procedural rule that is applicable to the petitioner's claim; (2) whether the petitioner failed to comply with that rule; (3) whether the procedural rule was actually enforced in the petitioner's case; and (4) whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Howard v. Bouchard*, 405 F. 3d 459, 477 (6th Cir. 2005) (*citing Maupin v. Smith*, 785 F. 2d 135,

138 (6th Cir. 1986); *Clinksdale*, 375 F. 3d at 440; *Munson v. Kapture*, 384 F. 3d 310, 314 (6th Cir. 2004)).

On appeal, Petitioner argued that: (1) his Sixth and Fourteenth Amendment rights were violated because the jury and jury venire were comprised solely of Caucasians; (2) trial counsel's ineffectiveness was tantamount to a lack of representation in violation of the Sixth and Fourteenth Amendment rights; (3) the trial court violated his Sixth and Fourteenth Amendment rights by admitting highly prejudicial evidence; (4) the prosecutor's misconduct during trial violated his Fourteenth Amendment rights; (5) the trial court erred in permitting jurors to observe him being transported to the court in a police car; (6) that the court imposed a greater sentence because he failed to show remorse; and (7) the guilty verdict was against the manifest weight of the evidence.  However, when seeking review by the Ohio Supreme Court, Petitioner's sole argument was that jury selection from voter registration cards resulted in a violation of his right to due process.  Specifically, Petitioner argues that the jury in his case was not representative of a cross section of the community.

Petitioner has procedurally defaulted on his claims that trial counsel's ineffectiveness was tantamount to a lack of representation in violation of the Sixth and Fourteenth Amendment rights; that the trial court violated his Sixth and Fourteenth Amendment rights by admitting highly prejudicial evidence; that the prosecutor's misconduct during trial violated his Fourteenth Amendment rights; that the trial court erred in permitting jurors to observe him being transported to the court in a police car; that the court imposed a greater sentence because he failed to show remorse; and that the guilty verdict was against the manifest weight of the evidence.  These claims were raised on direct appeal and since they were not presented to the Supreme Court of Ohio, they are not preserved for federal habeas review.

The Ohio Supreme Court held in 1967 that constitutional issues cannot be considered in post-conviction proceedings under Section 2953.21 *et. seq.* of the Revised Code where they have already been

or could have been litigated by the prisoner while represented by counsel, either before his or her judgment or conviction or on direct appeal from that judgment and thus have been adjudicated against the prisoner. *Martin v. Mitchell*, 280 F. 3d 594, 604 (6th Cir. 2002) *cert. denied*, 123 S. Ct. 515 (2002) (*citing State v. Perry*, 10 Ohio St. 175, 175-176; 226 N. E. 3d 104, 105-106 (1967)). Petitioner raised the same issues argued on direct appeal in seeking post-conviction relief pursuant to OHIO REV. CODE § 2953.21: that there was insufficient evidence to convict him of the crimes for which he was charged; that the trial court erred by excluding from admission into evidence, certain exculpatory evidence; that defense counsel was ineffective; and that the jury selection process was unconstitutional. Petitioner is barred from seeking post-conviction relief on these grounds by res judicata.

The Magistrate finds that the Supreme Court of Ohio has been given a full and fair opportunity to rule on Petitioner's claim that the jury selection process is unconstitutional. Thus, Petitioner has not procedurally defaulted his claim of an unconstitutional jury selection process.

Petitioner argues, however, that the jury selection process is discriminatory and he was deprived of a fair trial as guaranteed under the Sixth Amendment. He was particularly denied the presence of a cross-section of the community from which to choose a jury. Accordingly, Petitioner seeks an order vacating his conviction and sentence. In the alternative, Petitioner seeks an evidentiary hearing to address the relevancy of the facts in dispute.

## **EVIDENTIARY HEARING**

The habeas corpus statute authorizes an evidentiary hearing in circumstances where the factual basis of a claim has not been adequately developed in state court proceedings or when the state court proceedings were seriously defective. 28 U. S. C. § 2254(d) (Thomson/West 2005). The Sixth Circuit has consistently recognized the discretion and inherent authority that the district court has in habeas cases

to order evidentiary hearings to determine disputed issues of material fact. *Sawyer v. Hofbauer*, 299 F.3d 605, 609-610 (6th Cir. 2002) (*citing Abdur'Rahman v. Bell*, 226 F.3d 696, 706 (2000), *cert. denied*, 122 S. Ct. 386 (2001)). However, certain restrictions on this discretion to hold an evidentiary hearing have been imposed by Congress. *Id.*

When a petitioner fails to develop the factual basis of a claim in state court proceedings, he or she is not entitled to a federal evidentiary hearing unless he or she meets certain stringent requirements. *Id.* Specifically, there must be a failure to develop the factual basis of a claim established by a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel. *Id* (*citing* 28 U.S.C. § 2254(e)(2); *Michael Williams v. Taylor*, 120 S. Ct. 1479, 1488 (2000)). A finding of diligence depends on whether the prisoner made a reasonable attempt, given the presence of information available at the time, to investigate and pursue the claims alleged in state court. *Id.* (*citing Williams*, 120 S. Ct. at 1489).

In the instant case, Petitioner is making a reasonable attempt to persuade the fact finder that his conviction should be overturned since the jury selection procedure used in this case resulted in a jury that was not representative of the community. The Magistrate finds that Petitioner is not entitled to an evidentiary hearing since Petitioner's claims involve legal issues that can be independently resolved without additional factual inquiry.

## **MERITS OF THE PETITION**

Petitioner's sole issue preserved for habeas corpus review is that his sentence and conviction should be vacated since his right to a trial by jury was compromised by the failure to employ a jury selection system that draws jurors from a fair cross section of the community. Specifically, the failure of Lake County, Ohio, to use such a system constitutes a violation of Petitioner's right to a fair and impartial trial.

The Sixth Amendment guarantees "the right to a speedy and public trial, by an *impartial jury* of the state and district wherein the crime shall have been committed."  U.S. CONST., amend. VI.  The United States Supreme Court has interpreted the Sixth Amendment's right to a trial by an *impartial jury* as encompassing the right to a jury drawn from a "fair cross section of the community."  *United States v. Greene,* 971 F. Supp. 1117, 1126 (E. D. Mich. 1997) (*citing See, Taylor v. Louisiana,* 95 S. Ct. 692, 696-98 (1975) (and cases cited therein)).  Although petit juries "must be drawn from a source fairly representative of the community," there is "no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population." *Id.* (*citing Taylor*, 95 S. Ct. at 702).  "Defendants are not entitled to a jury of any particular composition, but the jury wheels, pools of names, panels or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof."  *Id.* at 1126-1127 (citations omitted) (*See also, Holland v. Illinois,* 110 S. Ct. 803 (1990)).  However, failure to raise an objection to the selection of the grand or petit jury prior to trial "shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver."  *United States v. Ovalle*, 136 F. 3d 1092, 1107 ((6th Cir. 1998) (*citing* FED. R. CRIM. P. 12(f); *see also United States v. Oldfield,* 859 F.2d 392, 396 (6th Cir. 1988)).

After reviewing the entire record, the Magistrate finds that Petitioner's claim is procedurally barred as he failed to present his claim to the state court in accordance with the state's procedural rules.  There is no evidence that Petitioner raised any issue regarding the propriety of the Jury Selection Plan employed by Lake County prior to trial.  Such procedural defaults in state court carries over to federal court and precludes habeas corpus review of that claim in federal court.  *See Simpson v. Jones*, 238 F. 3d 399, 406 (6th Cir. 2000).  For these reasons, the Magistrate cannot recommend that Petitioner's Writ

9

of Habeas Corpus be granted.

## APPOINTMENT OF COUNSEL

Petitioner claims that he is unable to afford legal services and thus he requests the service of an attorney at the state's expense.

A petitioner in a habeas proceeding has no constitutional right to counsel. *Lemeshko v. Wrona*, 325 F. Supp.2d 778, 787 (E.D. Mich. 2004) (*citing Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), *cert. denied,* 123 S. Ct. 1793 (2003), *reh'g. denied,* 123 S. Ct. 2666 (2003); *Tapia v. Lemaster*, 172 F.3d 1193, 1196 (10th Cir. 1999). However, whenever the United States Magistrate Judge or the court determines that the interests of justice or due process so require, representation may be provided for any financially eligible person who is seeking relief under Section 2254. *Id.* (*citing* 18 U.S.C. § 3006A(a)(2)(B)). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court. *Id.* (*citing Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986)). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he or she could not obtain a lawyer on his own, and he or she would have a reasonable chance of winning with the assistance of counsel. *Id*. (*citing Thirkield v. Pitcher*, 199 F. Supp.2d 637, 653 (E.D.Mich.2002)). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. Id. (*citing Swazo v. Wyoming Department of Corrections*, 23 F.3d 332, 333 (10th Cir. 1994)). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.* (*citing Satter v. Class*, 976 F.Supp. 879, 885 (D. S. D.1997)).

Here, Petitioner failed to preserve for appeal the sole issue that survived the exhaustion

requirements. Consequently, he is left without a cognizable constitutional issue that is ripe for habeas corpus review. The appointment of counsel is futile and would not serve the interest of justice. Accordingly, it is the recommendation of the Magistrate that Petitioner's Writ of Habeas Corpus be denied.

/s/Vernelis K. Armstrong
Vernelis K. Armstrong
United States Magistrate Judge

Notice

Please take notice that as of this date the Magistrate's Report and Recommendation attached hereto has been filed.

Please be advised that, pursuant to Rule 72.3(b) of the Local Rules for this district, the parties have ten (10) days after being served in which to file objections to said Report and Recommendation. A party desiring to respond to an objection must do so within ten (10) days after the objection has been served.

Please be further advised that the Sixth Circuit Court of Appeals, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's Report and Recommendation foreclosed appeal to the Court of Appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the Court of Appeals to condition the right of appeal on the filing of timely objections to a Report and Recommendation.