IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Vincent S. McCaleb,            Case No. 1:05 CV 2587

          Petitioner,       MEMORANDUM OPINION

     -vs-             JUDGE JACK ZOUHARY

Rich Gansheimer,

          Respondent.

This matter is before the Court on Petitioner's Objections to the Magistrate's Report and Recommendation of June 5, 2006. Pursuant to *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. §636(b)(1)(B)&(C), this Court has made a *de novo* review of the Magistrate's findings. For the following reasons, the Court finds Petitioner's Objections not well taken and denied.

This is a Petition for Habeas Corpus. The Magistrate recommended the Petition be denied. The Court has conducted a *de novo* review, including a review of the memoranda filed before the Magistrate Judge as well as Petitioner's Objections to the Magistrate's Report and Recommendation. The Court adopts in full the Report and Recommendation and denies the Petition.

The factual and procedural background are set forth in the Report and Recommendation (pp. 2-4) and will not be repeated here. The short verse is as follows.

Petitioner was indicted in April 2002 on charges of felonious assault, aggravated burglary and intimidation of a victim. He was found guilty on all three counts in September 2002 and sentenced

to seven years in prison. Petitioner appealed to the state appellate court which affirmed the conviction and sentence. An appeal to the Ohio Supreme Court followed, and that appeal was dismissed.

Petitioner then filed for Post-Conviction Relief in June and August 2003. The state trial court denied that Petition and, again, the state appellate court affirmed. No appeal was taken to the Ohio Supreme Court.

The Magistrate determined that Petitioner failed to exhaust his state court remedies, a necessary predicate to granting a Petition for a Writ of Habeas Corpus. *Clinkscale v. Carter*, 375 F.3d 430, 436 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 1316 (2004). Petitioner raised seven arguments as the basis for a reversal of his conviction and sentence. However, only one of those arguments was made in his appeal to the Ohio Supreme Court: namely, that jury selection from voter registration cards resulted in a violation of his right to due process and that the jury in his case was not a representative cross-section of the community.

This Court agrees that Petitioner has procedurally defaulted on his other claims (i.e., ineffectiveness of trial counsel, admission of highly prejudicial evidence, prosecutorial misconduct, permitting jurors to observe Petitioner being transported to the court in a police car, imposition of a greater sentence for failure to show remorse and verdict being against the manifest weight of the evidence). Failure to present these claims to the Ohio Supreme Court precludes federal habeas review. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

The Magistrate reviewed Petitioner's one remaining claim challenging the constitutionality of the jury selection process. Petitioner failed, however, to preserve this claim at the trial level by objecting during jury selection. The Magistrate properly concluded that an evidentiary hearing was not necessary to resolve this claim, and that the failure to object at trial carries over to federal court

2

and precludes habeas review of that claim. *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

Finally, Petitioner requests appointment of legal counsel. However, such an appointment is mandatory only if an evidentiary hearing is required, which it is not. The Magistrate properly exercised her discretion in denying this claim as well. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).

After a thorough review of the Objections filed by Petitioner, the Court finds that Petitioner was not "deprived of a fair trial" and his procedural default cannot be "excused". The Magistrate Judge's Report and Recommendation is adopted, and pursuant to that Report and Recommendation, Petitioner's Writ of Habeas Corpus is denied.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 18, 2006