IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Vincent S. McCaleb,  Case No. 1:05 CV 2587

Petitioner,  O R D E R

-vs-  JUDGE JACK ZOUHARY

Rich Gansheimer,

Respondent.

This matter is before the Court on Petitioner's Motion for Reconsideration (Docket No. 19).

The Court issued a Memorandum Opinion on August 18, 2006 addressing Petitioner's Objections to the Magistrate's Report and Recommendation of June 5, 2006 (Docket No. 17). The Court's Opinion adopted the Report and Recommendation and denied Petitioner's Writ of Habeas Corpus.

Petitioner's Motion for Reconsideration is untimely. Pursuant to Federal Civil Rule 59(e), Petitioner had ten (10) days from the date of the Judgment, which was entered on August 18, 2006, to file a motion for reconsideration. Petitioner claims he received the Judgment on August 23, 2006. Petitioner mailed his Motion for Reconsideration on September 12, 2006, and the Motion was later filed on September 18, 2006. Computing the time from the date on which he alleges he received the Opinion (August 23, 2006), Petitioner had until September 5, 2006 (with the benefit of the holiday

weekend) to file his Motion. He did not "file" his Motion until September 12, 2006. Again, the Court is using time frames most favorable to Petitioner in determining that his Motion is untimely.

Furthermore, and in any event, the basis for Petitioner's Motion for Reconsideration is the "recent decision in *House v. Bell* (2006) 126 S.CT 2064." That case held:

> Out of respect for the finality of state-court judgments federal habeas courts, as a general rule, are closed to claims that state courts would consider defaulted. In certain exceptional cases involving a compelling claim of actual innocence, however, the state procedural default rule is not a bar to a federal habeas corpus petition. See *Schlup v. Delo*, 513 U.S. 298, 319-322, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). After careful review of the full record, we conclude that House has made the stringent showing required by this exception; and we hold that his federal habeas action may proceed.

*House v. Bell*, —U.S.—, 126 S. Ct. 2064, 2068, 165 L. Ed.2d 1, 12 (2006). In the instant case, Petitioner has not made the requisite "stringent showing" that would allow his action to continue. In *House*, plaintiff offered new substantial evidence calling into question "the forensic proof connecting House to the crime . . . and . . . pointing to a different suspect." Petitioner here makes the conclusory allegation that "his conviction was based on perjury offered at his trial" (Motion at p. 2). However, the record contains neither "troubling evidence" nor suggestion of perjury or any other "new revelations" which point to Petitioner's innocence. The facts in *House*, a capital case, are sufficiently distinguishable from the instant case.

For each of the above reasons, Petitioner's Motion for Reconsideration (Docket No. 19) is denied.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

September 25, 2006